E-FILED
Friday, 08 March, 2019  01:28:27 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

FILED
2/1/2019 2:05 PM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

IN THE CIRCUIT COURT OF THE FOURTENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

| | | |
|---|---|---|
| JENNIFER RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) No. | **2019L20** |
| | ) | |
| COMMUNITY HOSPICES OF | ) | |
| AMERICA, L.L.C., a foreign Limited | ) | |
| Liability Company, d/b/a HOSPICE | ) | |
| COMPASSUS – NORTHWEST ILLINOIS; | ) | |
| COMMUNITY HOSPICE OF AMERICA; | ) | |
| FC COMPASSUS LLC.; | ) | |
| COMPASSUS HOSPICE; COMPASSUS | ) | |
| HOSPICE PALLIATIVE CARE; | ) | |
| COMPASSUS; HOSPICE COMPASSUS; | ) | |
| COMPASSUS HOSPICE & PALLIATIVE | ) | |
| CARE; and KARA SEARS, | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff, Jennifer Ramirez by and through her attorneys, Katz Nowinski P.C., for her

Complaint against defendants Community Hospices of America, L.L.C., d/b/a Hospice

Compassus – Northwest Illinois, a foreign limited liability company licensed to do business in

Illinois, doing business under the assumed name of "Hospice Compassus – Northwest Illinois"

and Community Hospice of America, FC Compassus LLC, Compassus Hospice, Compassus

Hospice Palliative Care, Compassus, Hospice Compassus, Compassus Hospice & Palliative

Care, and Kara Sears states:

## **COUNT I – WHISTLEBLOWER ACT VIOLATION**

1.  Plaintiff Jennifer Ramirez (hereinafter "Ramirez" or "plaintiff"), is and at times

relevant to this cause of action was a resident of Moline, Rock Island County, State of Illinois.

2.  Defendant Community Hospices of America, L.L.C., d/b/a Hospice Compassus –
Northwest Illinois ("Hospice Compassus" or "defendant") is a foreign LLC with its principal
office on Cadillac Drive, Brentwood Tennessee and authorized to do business in Illinois and also
authorized in Illinois to use the assumed business name of Hospice Compassus – Northwest
Illinois; and, on information and belief, may also be operating under numerous assumed names
(none of which are authorized or registered to transact business in Illinois),including the following:

   a. Community Hospice of America;

   b. FC Compassus LLC;

   c. Compassus Hospice;

   d. Compassus Hospice Palliative Care

   e. Compassus;

   f. Hospice Compassus; and

   g. Compassus Hospice & Palliative Care

3.  On information and belief, defendant Community Hospices of America, L.L.C. and its
assumed name entity, Hospice Compassus-Northwest Illinois, operated the Moline location
referred to and commonly called and named "Hospice Compassus" and/or are affiliated with and
controlled each entity or the entities purportedly employing plaintiff in Moline Illinois under the
unregistered assumed names of Community Hospice of America, FC Compassus LLC, Compassus
Hospice, Compassus Hospice Palliative Care; Compassus; Hospice Compassus; and  Compassus
Hospice & Palliative Care.

4.  Pleading in the alternative to paragraph 2 as allowed by 735 ILCS 5/2-613(b),
defendants Community Hospice of America, Compassus Hospice Palliative Care; Compassus
Hospice & Palliative Care; Compassus; Hospice Compassus; and  FC Compassus LLC are or

3

were sole, joint or cumulative employers of the plaintiff at the Moline Hospice Compassus location

as employees of each entity acted within the scope of his/her authority in dealing with plaintiff's

Moline, Illinois employment at Compassus Hospice and are therefore defined as employers for

purposes of this lawsuit pursuant to 740 ILCS 174/5.

5.  In June 2016, Plaintiff learned of an opening for an RN case manager at a hospice

entity advertised as Hospice Compassus in the city of Moline, Rock Island County, Illlinois

6.  Plaintiff filled out the employment form which indicated that the hiring company for

Compassus Hospice in Moline was "Compassus Hospice Palliative Care."

7.  On the application form, plaintiff was asked if she had ever worked for Hospice

Compassus; to which she responded in the negative.

8.  On June 27, 2016 plaintiff was given a written employment offer at Hospice

Compassus in Moline, Illinois as an RN Case manager by recruiter Kimberly Mooney, who

represented herself as the recruiter for Compassus Hospice & Palliative Care.

9.  Thereafter plaintiff was provided benefit information for "Hospice Compassus" through

its published benefits overview documentation.

10. At various times during her employment at the Moline's Hospice Compassus, plaintiff

also received employment documentation and personnel information from "Compassus" as well as

"Hospice Compassus," all emanating from locations on Cadillac Drive in Brentwood, Tennessee,

including but not limited to a 2015 "Colleague Guide" with policies and procedures for Hospice

Compassus indicating that the entity had originally been known as CLP Healthcare before

adopting the "current name" of Hospice Compassus in February 2009.

11. Plaintiff's W-2 from 2016 listed her employer as "Community Hospice of America" using the same/similar address on Cadillac Drive in Brentwood TN as the other purported employers.

12. Plaintiff's paychecks and W-2 tax forms from 2017 through her termination indicated that her employer was FC Compassus LLC, an entity using the same address on Cadillac Drive in Brentwood TN as the other purported employers.

13. As pled in paragraph 4's alternative pleading, at all material times herein each named defendant was an "employer" as that term is defined in 740 ILCS § 174/5.

14. Pursuant to 740 ILCS § 174/20, "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation, including, but not limited to, violations of the Freedom of Information Act."

15. Defendant(s) retaliated against plaintiff for refusing to participate in an activity that would result in a violation of a State or federal law; specifically, plaintiff refused to admit certain patients to the Moline Illinois Hospice Compassus programs when the patient's admission would violate Medicare regulations.

16. Specifically, plaintiff was called into the office about non-admissions of patients that plaintiff believed clearly were not appropriate or legal for admission and was verbally harassed about the need to admit as many patients as possible and to find ways to admit them.

17. These patients include but were not limited to a home patient with dementia and a patient needing physical therapy (for which hospice was inappropriate for this specific patient and in violation of Medicare regulations.)

5

18. Ramirez thereafter refused to comply with the future instructions and/or demands imposed by defendant to find ways around Medicare rules and thus refused to admit such patients because such admissions violated the law.

19. Ramirez specifically stated that she would not admit patients when the admissions would violate Medicare regulations.

20. Defendant(s) terminated Ramirez on August 29, 2018.

21. Refusal to participate or engage in illegal conduct constitutes "whistleblowing" under Illinois law.

22. A termination is an action that is materially adverse to a reasonable employee as a matter of law.

23. Plaintiff was terminated for "whistleblowing" in violation of the Illinois Whistleblower Act, 740 ILCS § 174/20 and/or 740 ILCS § 174/20.1.

24. Plaintiff has suffered damages in that she has lost pay and benefits, in the past, present and reasonably anticipates future wage and benefit loss.

25. Pursuant to 740 ILCS § 174/30(2), plaintiff is entitled to back pay and benefits, with interest, as part of her damages.

26. Pursuant to 740 ILCS § 174/30(1), plaintiff is entitled to reinstatement with the seniority status she would have enjoyed but for her termination as part of her damages or, or in lieu thereof, compensation for future economic damages including loss of future pay and benefits.

27. Plaintiff is entitled to recover all other damages necessary to make her whole, including reasonable sums for the emotional distress she endured as a result of her termination as well as other compensatory damages including those for loss of enjoyment of life.

6

28. Plaintiff is entitled to and seeks recovery of reasonable attorney's fees, expert witness fees, and litigation costs as part of her damages pursuant to 740 ILCS § 174/30(3).

WHEREFORE, for the reasons stated herein, plaintiff Jennifer Ramirez, requests this court enter judgment in her favor and against defendant Community Hospices of America, LLC, Compassus Hospice Palliative Care; Compassus Hospice & Palliative Care; Hospice Compassus; Compassus; FC Compassus LLC; and Community Hospice of America, in an amount in excess of $50,000 plus the costs of this action, including reasonable attorney's fees, and expert witness fees as well as equitable relief appropriate under the circumstances.

### COUNT II – WHISTLEBLOWER ACT – KARA SEARS

1-28. Paragraphs 1-28 of Count I are incorporated herein.

29. Defendant Kara Sears was the manager of the Moline Compassus Hospice and was the primary person supervising plaintiff, participated in and recommended the unlawful termination of plaintiff while acting within the scope of her duties and thus is also an "employer" as that term is defined in 740 ILCS 174/5, as a "person acting within the scope of his or her authority express or implied on behalf of those entities in dealing with its employees."

WHEREFORE, for the reasons stated herein, plaintiff Jennifer Ramirez, requests this court enter judgment in her favor and against defendant Kara Sears.in an amount in excess of $50,000 plus the costs of this action, including reasonable attorney's fees, and expert witness fees as well as equitable relief appropriate under the circumstances.

JENNIFER RAMIREZ, Plaintiff

By:_____
John F. Doak (ARDC # 6204122)

For:
KATZ NOWINSKI P.C.

Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone: 309-797-3000
Fax: 309-797-2167
Email: jdoak@katzlawfirm.com